IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50430
_____


JARVIS CHRISTIAN COLLEGE; CENTRAL
CHRISTIAN CHURCH OF DALLAS;
JAMES T. JERNIGAN,

                                        Plaintiffs-Appellants,

                    versus

FEDERAL EXPRESS CORPORATION;
CALIBER SYSTEM, INC.; VIKING
FREIGHT, INC.; RANDOLPH C. BANGHAM;
JOSEPH M. CLAPP; TOM CLOWE, JR.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court for
the Western District of Texas

(D.C. No. W-98-CV-355)
_____
April 26, 2000

Before KING, Chief Judge, REAVLEY and STEWART, Circuit Judges.


PER CURIAM:[*]

        The plaintiff class appeals from the final judgment against it, contending only

that the district court lacked subject-matter jurisdiction.  Because the defendant

---

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set
forth in 5TH CIR. R. 47.5.4.

Clowe was fraudulently joined, there was diversity jurisdiction and we affirm.

The jurisdictional issues presented are questions of law which we review <u>de novo</u>.[1] We determine whether a defendant was fraudulently joined based on a plaintiff's state-court petition and any supplemental evidence submitted to the court in connection with a motion to remand.[2]

A nondiverse defendant destroys diversity jurisdiction unless he is fraudulently joined. A defendant is fraudulently joined if there is no possibility that the plaintiff could prevail, in state court, on any claim stated by the state-court petition against that defendant.[3] The party asserting diversity jurisdiction has the burden of proving fraudulent joinder.[4] In making this determination, the court must resolve all contested issues of substantive fact, as well as all ambiguities of state substantive law, in the plaintiff's favor.[5]

The class' petition and the supplemental evidence failed to allege any facts of reliance on Clowe's purported representations to Central Freight's employees in deciding the merger. The petition only mentions reliance as follows:

> . . . CLOWE, with actual awareness of the falsity thereof, made false representations of past or existing material facts, when the false representation was:

---

[1]<u>Robinson v. TCI/US West Communications, Inc.</u>, 117 F.3d 900, 904 (5th Cir. 1997).

[2]<u>Burden v. General Dynamics Corp.</u>, 60 F.3d 213, 216 (5th Cir. 1995).

[3]<u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 699-701 (5th Cir. 1999).

[4]<u>Burden</u>, 60 F.3d at 217.

[5]<u>Id.</u>

a) made to a person for the purpose of inducing that person to enter into a contract; and

b) relied on by that person in entering into that contract.

Only those class members who were Central Freight employees at the time of the merger could have relied on Clowe's representations. The petition does not allege that Central Freight's employees voted their directly-owned shares in favor of the merger because of Clowe's representations. In fact, there is nothing in the petition to indicate whether the employee class members voted for or against the merger. Because the petition does not raise a contested fact issue whether the class relied on Clowe's representations in voting for the merger, there is no possibility that the class could prevail on its stock fraud claims.

Furthermore, there is no possibility that Clowe's representations to the class could be the but-for cause of the merger. The state-court petition alleged that 81% of the shareholders approved the merger. The ERISA plans, however, controlled 82% of the shares. The plans, therefore, could decide to accept or reject the merger regardless of how Central Freight's employees voted. As the class does not allege that the plans, through Ameritrust, relied on Clowe's representations, the class' allegations cannot support causation as a matter of law.

Since there is no possibility that the class could prevail against Clowe in state court, we find that he was fraudulently joined and that the district court had diversity jurisdiction over this case.

**AFFIRMED.**